UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW WALTER COOK,  :
    Petitioner,  :
        :        PRISONER
v.  :        Case No. 3:08cv73 (SRU)
        :
ESTHER TORRES, et al.,  :
    Respondents.  :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Andrew Walter Cook, an inmate confined at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he was not released on special parole at the conclusion of his sentence and challenges his continued incarceration as violating his rights under the Fourteenth Amendment Due Process Clause, the Ex Post Facto Clause, the separation of powers clause and the Eighth Amendment. For the reasons that follow, the petition will be dismissed.

**I.    Discussion**

In January 2003, Cook pled guilty under the Alford doctrine[1] and was sentenced to a term of four years' imprisonment followed by three years' special parole. Cook began serving his special parole on March 13, 2006. He was taken into custody on October 31, 2006, and held for 135 days without a parole revocation hearing. On March 14, 2007, Cook was released to a sponsor. He was arrested for a parole violation on April 11, 2007, and brought to a parole

---

    [1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

revocation hearing. The hearing examiner recommended a nine-month incarceration with alcohol treatment. Cook was scheduled to be released on January 8, 2008, but was retained in custody because the governor suspended all parole.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *See O'Sullivan*, 526 U.S. at 845. The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). Otherwise, the state courts will not have had an opportunity to correct the alleged errors. *See O'Sullivan*, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies). Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

Cook states that he has not filed a state habeas petition on this issue because he assumes that the state court will not timely consider his petition.[2] The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any

---

[2] In 2003, Cook filed a state habeas petition alleging that the parole board utilized a racial quota system in granting parole. That issue is not included in this petition.

attempt to obtain relief is rendered futile. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Second Circuit has excused exhaustion as futile where presentation of the claim would be procedurally barred by the state court, *see, e.g., Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001), or petitioner would be subject to an inordinate delay. *See, e.g., Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989). Research has revealed no case where the federal court excused the exhaustion requirement because the petitioner, without filing a state petition, argued that the petition would not be considered timely. This court will not assume that the state court will not timely consider or entertain a request to expedite consideration of Cook's petition.

## II. Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies. The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

Entered at Bridgeport, Connecticut, this 28th day of February 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge